IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER L. BASSETT, #Y64944,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-02562-JPG |
| ) | |
| **TRENT MASTERSON,** ) | |
| **C/O COZART,** ) | |
| **JANE DOE, and** ) | |
| **LAWRENCE COUNTY JAIL MEDICAL** ) | |
| **CENTER,**[1] ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Christopher Bassett, an inmate in the custody of the Illinois Department of Corrections (IDOC) and currently incarcerated at Robinson Correctional Center (Robinson), brings this civil rights action under 42 U.S.C. § 1983. In the Complaint, Plaintiff claims he was denied medical care for injuries he sustained at Lawrence County Jail on May 5, 2024. (Doc. 1, pp. 1-7). He seeks monetary and injunctive relief.[2] *Id*. at 7.

The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to screen prisoner complaints and dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from an immune defendant. *See* 28 U.S.C. § 1915A(a)-(b).

---

[1] Plaintiff's misspelled "Lawrence" as "Laurance" throughout the Complaint. The parties are hereby **DIRECTED** to use "Lawrence" in place of "Laurance" in all references to the county jail going forward in this matter.
[2] Plaintiff transferred from the jail before filing suit, so his request for injunctive relief stemming from the conditions of his confinement is now moot, unless he anticipates returning to the jail and facing the same conditions. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Because he has made no such claim, this request for relief is **DENIED** without prejudice.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 5-6): Plaintiff was sent to Lawrence County Jail on or around May 5, 2024. He is diabetic and required regular insulin shots to control his blood sugar levels. No doctors or nurses administered the shots. Plaintiff received them from Officers Ross Wells, Kayla Johnson, Harley Hobbs, Angel Fuentes, Tracy Peterson, and Cozart.

Plaintiff's blood sugar levels dropped on May 20, 2024. He fainted, fell, and hit his head on a table. Plaintiff lost consciousness for approximately five minutes. When he awoke, he discovered blood streaming from his right ear and realized he could no longer hear from that ear.

Plaintiff called out for help. Officers Hobbs and Johnson responded. Plaintiff explained that he fell and hit his head. The officers observed blood leaking from his right ear and called for a nurse. Plaintiff waited for more than an hour for a nurse to arrive. When one finally responded, Nurse Jane Doe (unknown nurse) said there was nothing wrong and told Plaintiff to shove tissue into his ear to stop the bleeding. She agreed to inform the doctor about his condition. Meanwhile, Officer Johnson asked Officer Cozart if Plaintiff could be sent to a hospital for treatment, but Cozart refused to send him out for treatment of any kind.

For weeks, Plaintiff's right ear bled, and he suffered right-side hearing loss. He repeatedly asked the following individuals for treatment at a hospital: Tracy Peterson, Angel Fuentes, and Ross Wells. Each time, they said no and sent him to the medical unit, where the staff swabbed the blood from his ear and did nothing more. Plaintiff ultimately relied on his wife to purchase and deliver gauze, antibiotic cream, and sanitation spray to him. He continues to suffer from right-side hearing loss. *Id*.

## Preliminary Dismissals

Plaintiff mentions the following individuals in the statement of his claim but does not

identify them as defendants in the Complaint: Ross Wells, Kayla Johnson, Harley Hobbs, Angel Fuentes, and Tracy Peterson. The Court will not treat these individuals as defendants, and all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

Plaintiff identifies two defendants in the Complaint but makes no allegations against them: Trent Masterson and Lawrence County Jail Medical Center. When a plaintiff fails to include a defendant in his statement of claim, the defendant cannot be said to have notice of which claims, if any, are directed against the party. FED. R. CIV. P. 8(a)(2). Merely invoking the name of a potential defendant is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, Trent Masterson and Lawrence County Jail Medical Center will be dismissed.

## Discussion

The Court designates the following claims in the *pro se* Complaint:

**Count 1:** Eighth or Fourteenth Amendment claim against Nurse Jane Doe for failing to administer Plaintiff's routine insulin shots and denying him medical care for right ear injuries and hearing loss following a fall that resulted from low blood sugar levels on or around May 5, 2024.

**Count 2:** Eighth or Fourteenth Amendment claim against C/O Cozart for refusing to send Plaintiff for outside treatment of his right ear injuries and hearing loss after he was denied treatment by jail medical staff on or around May 5, 2024.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

Both claims survive preliminary review. A pretrial detainee bringing these medical claims under the Fourteenth Amendment must set forth allegations suggesting that each defendant acted purposefully, knowingly, or perhaps even recklessly in connection with a plaintiff's medical

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

treatment, and the challenged conduct was objectively unreasonable based on the "totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care." *McCann v. Ogle Cty., Ill.,* 909 F.3d 881, 886 (7th Cir. 2018). A prisoner bringing these claims under the Eighth Amendment must demonstrate that each defendant acted with deliberate indifference to his serious medical needs. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). An objectively serious medical need is one that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person. *Id*. Deliberate indifference occurs when a defendant "know[s] of and disregard[s] an excessive risk to inmate health." *Id*.

With regard to Count 1, the allegations suggest that Nurse Jane Doe was aware of Plaintiff's right ear injuries and hearing loss on May 5, 2024. However, she disregarded Plaintiff's injuries and his need for medical treatment, even when faced with symptoms presenting an obvious need for further medical evaluation. This claim survives review against Nurse Jane Doe.

With regard to Count 2, the allegations suggest that C/O Cozart was aware that Nurse Jane Doe denied Plaintiff medical care for symptoms that obviously required treatment, and he nevertheless ignored Plaintiff's need for medical care by refusing to send him for outside treatment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010) (nonmedical staff can defer to the judgment of jail health professionals so long as they do not ignore the medical needs of a plaintiff). Because C/O Cozart allegedly ignored Plaintiff's need for treatment, Count 2 survives screening against this defendant.

Although it is not yet clear which of these legal standard governs the claims, the parties can sort this out as the case proceeds.

### Identification of Nurse Jane Doe

Plaintiff shall be allowed to proceed with Count 1 against Nurse Jane Doe. However, he must identify the unknown defendant with particularity before service of the Complaint can be made on this individual. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of this person. *Rodriguez*, 577 F.3d at 832. The Lawrence County Jail Administrator will be added as a defendant, in an official capacity only, for purposes of responding to discovery aimed at identifying the unknown defendant. Once Nurse Jane Doe's name is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the unknown defendant.

### Disposition

The Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows: **COUNT 1** will proceed against **NURSE JANE DOE** (once identified), and **COUNT 2** will proceed against **C/O COZART**, in their individual capacities. **ALL OTHER CLAIMS** and **DEFENDANTS** are **DISMISSED** without prejudice for failure to state a claim.

**The Clerk's Office is DIRECTED to TERMINATE TRENT MASTERSON and LAWRENCE COUNTY JAIL MEDICAL CENTER as defendants; ADD the LAWRENCE COUNTY JAIL ADMINISTRATOR (official capacity only) as a defendant; and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act**.

The Clerk of Court shall prepare for Defendants **C/O COZART** and **NURSE JANE DOE** (once identified), in their individual capacities, and the **LAWRENCE COUNTY JAIL ADMINISTRATOR**, in his or her official capacity only: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).

The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Nurse Jane Doe (once identified) and C/O Cozart are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply under 42 U.S.C. § 1997e(g). **<u>Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.</u>** The Lawrence County Jail Administrator need only file a notice of appearance in this matter in lieu of any other response or answer to the Complaint.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his

whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/21/2025**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint.  After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is possible that it will take 90 days or more.  When the defendants have answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before the defendants' attorneys file an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.